IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WINZOIR VAN DURR,

    Plaintiff,

v.                                                              CASE NO. 1:11-cv-227-MP-GRJ

TIMOTHY FRANZ GEITHNER, et al.,

    Defendants.

_____/

**ORDER**

Plaintiff initiated this case by filing a *pro se* civil rights complaint and seeks leave to proceed as a pauper pursuant to 28 U.S.C § 1915. (Docs. 1, 4.) The Court finds that leave to proceed as a pauper should be granted. However, Plaintiff must file an amended complaint for further consideration by the Court before the case may proceed.

Plaintiff did not file his complaint on the Court's designated form, but instead appears to have attempted to duplicate the Court's *pro se* civil rights complaint form. However, the *pro se* employment discrimination complaint form is appropriate, as Plaintiff contends that his former employer the Department of the Treasury discriminated against him because of a disability. Plaintiff also alleges that the U.S. Equal Employment Opportunity mishandled his appeal by not including constructive discharge and/or seeks to enforce an EEOC ruling against the Department of Treasury.

Plaintiff names four Defendants: Timothy Franz Geithner, Department of the Treasury; Mariam G. Harvey, Director of the Office of Civil Rights and Diversity; Carlton M. Hadden, Director of the U.S. EEOC; and Colleen A. Crane of the EEOC. Plaintiff cites violations of Executive Order 5396; 29 C.F.R. § § 1614.405(b), 1614.407,

1614.408, and 1614.503(g); Title I and Title V of the Americans with Disabilities Act of 1990; and § 503 of the Rehabilitation Act of 1973.

When amending his complaint on the proper form, Plaintiff is advised that "the Rehabilitation Act, 29 U.S.C. § § 791, 794, and 794(a) provides the exclusive remedy for federal government employees seeking damages and relief for work-place discrimination based on disability." *Lapar v. Potter*, 395 F. Supp. 2d 1152, 1157 (M.D. Fla. 2005) (citing *Rio v. Runyon,* 972 F. Supp. 1446, 1454 (S.D. Fla. 1997), *aff'd* 159 F.3d 1360 (11th Cir. 1998)). Furthermore, the "only proper defendant in a. . .claim of discrimination under the Rehabilitation Act is the head of the agency accused of having discriminated against the Plaintiff." *Farrell v. United States Dep't of Justice,* 910 F. Supp. 615, 618 (M.D. Fla. 1995); *see also* 42 U.S.C. § 2000e-16(c). To the extent Plaintiff seeks to assert a claim under the Americans with Disabilities Act, federal employment is specifically excluded from ADA coverage. 42 U.S.C. § 12111(5)(B)(c). Therefore, Plaintiff's claim for disability discrimination against his former federal employer lies solely in the Rehabilitation Act and the only proper defendant would be the head of the Department of Treasury in his official capacity.

Accordingly, it is hereby **ORDERED:**

1. Plaintiff's motion for leave to proceed as a pauper, Doc. 4, is **GRANTED.**

2. The **Clerk** is directed to send the Plaintiff a blank *pro se* employment discrimination complaint form and instructions. Plaintiff shall fully complete the complaint form using clearly legible type or handwriting. In amending his Complaint, Plaintiff shall not refer back to his original Complaint or incorporate any part of his original Complaint by reference. Plaintiff shall file the amended complaint, together with an identical copy for each named Defendant, on or before **January 5, 2012.**

3. Failure to comply with this Order in the allotted time will result in a

recommendation to the district judge that this cause be dismissed.

**DONE AND ORDERED** this 6th day of December 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge