IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WINZOIR VAN DURR,

    Plaintiff,

v.                                       CASE NO. 1:11-cv-227-MP-GRJ

TIMOTHY FRANZ GEITHNER,

    Defendant.

_____/

## **ORDER TO ANSWER AND NOTICE TO PLAINTIFF**

This matter is before the Court on Doc. 13, Plaintiff's First Amended Complaint. Plaintiff, proceeding *pro se* and *in forma pauperis*, contends that his former employer, the Department of the Treasury, discriminated against him because of a disability.

The Clerk shall serve the United States by sending a copy of the First Amended Complaint (Doc. 13) and this Order by registered or certified mail to the civil process clerk at the office of the United States Attorney for the Northern District of Florida, Gainesville Division, and by sending a copy of the First Amended Complaint and this Order by registered or certified mail to the Attorney General of the United States, Washington, D.C. The Clerk shall also send a copy of the First Amended Complaint and this Order by registered or certified mail to Timothy Franz Geithner, U.S. Department of the Treasury, Washington, D.C. The Defendant shall have **SIXTY (60) DAYS** from the date of service of process in which to answer or otherwise respond to the First Amended Complaint.

Before counsel has appeared for Defendant, Plaintiff shall send to Defendant a copy of every further pleading, motion, or other paper filed by Plaintiff in this case. After

counsel has appeared for Defendant, the copy shall be sent directly to counsel for Defendant, rather than to the Defendant personally. Plaintiff shall include with each pleading, motion, or other paper submitted to be filed a certificate stating the date that an accurate copy of the pleading, motion, or other paper was mailed to Defendant or counsel for Defendant. If any pleading, motion, or other paper submitted to be filed and considered by the Court does not include a certificate of service upon Defendant or counsel for Defendant, it will be **stricken** by the Court.

Plaintiff shall immediately advise the Court of any change of address. He shall entitle the paper "Notice to the Court of Change of Address" and not include any motions in it. This notice shall contain only information pertaining to the address change and the effective date of such.

Both parties shall insure that all exhibits accompanying any pleadings which they submit to the Court shall be individually marked for identification and a table of contents or index shall be included to aid the Court in location of such documentary exhibits.

If Defendant files a motion to dismiss, Plaintiff shall have **TWENTY (20) DAYS** to file his response to the motion to dismiss. *Pro se* Plaintiff is advised out of an abundance of caution[1] that the granting of this motion would represent an adjudication of this case which may foreclose subsequent litigation on the matter. If Defendant files a motion to dismiss that is supported by affidavits or other documents, the Court will construe the motion to dismiss as a motion for summary judgment, and Plaintiff shall

---

[1] See Griffith v. Wainwright, 772 F.2d 822 (11th Cir. 1985), and Milburn v. United States, 734 F.2d 762 (11th Cir. 1984) wherein the Court expressed concern about pro se litigants in summary judgment cases.

have **TWENTY (20) DAYS** to file his response. If Defendant files a motion for summary judgment, Plaintiff shall have **TWENTY (20) DAYS** to file his response. In preparing a response to a motion to dismiss (construed as a motion for summary judgment), or a motion for summary judgment, Plaintiff should be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure.

Rule 56 provides that when a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. Pursuant to Rule 56, the party opposing the motion must respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute. If the opposing party fails to respond to the motion or responds, but the response does not comply with the requirements of Rule 56 as stated above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, affidavits, and other documentation. If the motion is granted, there will be no trial, and the case will be terminated in this Court.

**DONE AND ORDERED** this 9th day of January 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Case No: 1:11-227-MP-GRJ*