IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WINZOIR VAN DURR                   :

                      :

    v.                             :   Civil Action No. DKC 12-2137

                      :

JACOB J. LEW,
SECRETARY OF TREASURY              :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this disability discrimination case is the motion for relief from the August 12, 2013 dismissal order pursuant to Fed.R.Civ.P. 60(b) filed by *pro se* Plaintiff Winzoir Van Durr. (ECF No. 34). On October 20, 2011, Plaintiff filed a complaint against Timothy Franz Geithner, former Secretary of the United States Department of the Treasury, in the Northern District of Florida. (ECF No. 1).[1] Plaintiff filed an amended complaint on January 4, 2012.[2] (ECF No. 7). In the amended complaint, Plaintiff, a former employee with the Department of the Treasury, alleged that he was diagnosed with cancer during his employment and was denied

---

[1] As Judge Williams noted in his memorandum opinion, Jacob J. Lew succeeded Timothy Geithner as Secretary of the Treasury, thus he has been substituted as Defendant in his official capacity.

[2] The case was transferred to this district from the Northern District of Florida on July 16, 2012. (ECF Nos. 18 & 19).

sick leave, annual leave, and leave without pay after he requested a reasonable accommodation. (*Id.* at 4). He stated that "[The Agency's] illegal actions placed [him] into an intolerable position" and he left the government "in order to be properly treated." (*Id.*). Plaintiff alleged that he retired from the Department of the Treasury in July 2007 when he was "constructively discharged."

Defendant moved to dismiss or, in the alternative, for summary judgment. Judge Williams issued a memorandum opinion and order on August 12, 2013, dismissing Plaintiff's complaint on failure to exhaust grounds. (ECF Nos. 32 & 33).[3] Judge Williams concluded that Plaintiff did not exhaust his administrative remedies as to the constructive discharge claim. Plaintiff filed the instant motion for reconsideration on November 15, 2013. (ECF No. 34).

Fed.R.Civ.P. 60(b) states that, "[o[n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" on any of the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether

---

[3] The case was transferred to the undersigned on January 24, 2014, after Judge Williams retired.

2

previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

Plaintiff's motion does not meet any of the grounds for reconsideration set forth in Rule 60(b).  Plaintiff's motion asserts that "[o]nly after th[e] EEOC administrative efforts concluded through its normal progression that ended on July 2011 did Plaintiff, not agreeing with the relief sought and the relief not being in line with standard practices filed this case in Federal Court."  (ECF No. 34, at 1).

Plaintiff's argument is premised on a misunderstanding of the exhaustion requirement and the memorandum opinion.  Title VII requires, and the Fourth Circuit has held, that the scope of a judicial complaint is limited to allegations in the EEOC administrative charge.  *Jones v. Calvert Group Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009); *Adams v. Wallenstein*, 814 F.Supp.2d 516, 523 (D.Md. 2011) ("Because the ADA incorporated the procedural requirements of Title VII, a plaintiff must exhaust

3

his administrative remedies as to those claims before filing a complaint."). A Title VII lawsuit may only include "those discrimination claims stated in the initial charge, those reasonably related to the original complaint, [] those developed by reasonable investigation of the original complaint," and those contained in official amendments to the EEO complaint. *Jones*, 551 F.3d at 300; *Khoury v. Meserve*, 268 F.Supp.2d 600, 608 (D.Md. 2003) (holding that a plaintiff who took no official action to amend her administrative charge of discrimination had not exhausted her remedies with respect to the claim not included in the original charge). Although Plaintiff insists that he filed his federal lawsuit only after "all administrative efforts had been concluded," (ECF No. 34, at 2), this is actually not the case concerning his constructive discharge claim.

The record reflects the following chain of events during the administrative phase. Plaintiff filed a formal complaint of discrimination on July 12, 2006, alleging discrimination on the basis of race, age, sex, reprisal, and physical and mental disability. (ECF No. 27-3). Plaintiff alleged in his EEO complaint that the Department of the Treasury denied him a reasonable accommodation when he was diagnosed with cancer. Plaintiff later withdrew some of his claims. On August 27, 2007, the EEO Office issued a Final Agency decision finding that

Defendant had discriminated against Plaintiff based on disability and ordered payment of compensatory damages in the amount of $4,000. (ECF No. 27-5). Plaintiff appealed the decision on September 28, 2007. (ECF No. 27-6, at 2). On February 19, 2010, the EEOC issued an appellate decision, EEOC 0120080078, affirming in part the original decision, but also finding that the Department of Treasury failed reasonably to accommodate Plaintiff when he was denied sick leave and charged AWOL. (*Id.*). The EEOC ordered Defendant to pay additional compensatory damages and required Plaintiff to submit evidence of such damages. Plaintiff then submitted a letter, dated April 8, 2010, requesting $1,475,570 in compensatory damages. Apparently, in this correspondence, he stated that "because of the agency's discrimination he was forced to retire earlier than he had planned . . . and has subsequently incurred debts which he is unable to pay because of his forced retirement." (*Id.*).[4] Plaintiff retired sometime in 2007.

Judge Williams noted in his memorandum opinion that the April 2010 correspondence was the first time Plaintiff alleged constructive discharge.[5] The memorandum opinion concluded that

---

[4] In a second Final Agency Decision, dated July 12, 2010, Plaintiff was awarded $40,000 in compensatory damages.

[5] Notably, in a later decision adjudicating Plaintiff's request for reconsideration of the EEOC's decision regarding compensatory damages, the EEOC wrote:

5

Plaintiff failed to exhaust his administrative remedies as to the constructive discharge claim on several grounds. First, "[a]lthough Plaintiff allege[d] in his July 12, 2006 EEO Complaint that Defendant 'constructively denied' and 'stonewalled' his requests for a reasonable accommodation, Plaintiff [did] not satisfactorily assert that Defendant's stonewalling forced him to quit."  (ECF No. 32, at 8). Plaintiff still worked for Defendant when he filed the EEO Complaint in July 2006 and continued to do so for a year thereafter; thus, he could not have asserted constructive discharge when he filed his EEO complaint.  Nor did Plaintiff amend his EEO complaint to add a constructive discharge claim. Judge Williams noted that the constructive discharge claim also was not reasonably related to the other claims Plaintiff

---

> A review of the record shows that Complainant did *not* make a claim of involuntary retirement until his submission of his claim for compensatory damages in April 2010, pursuant to our order in EEOC Appeal No. 0120080078.  The record is unclear as to the date of Complainant's actual retirement. *Complainant is advised that if he wishes to pursue a claim of constructive discharge, he may file a mixed-case EEO complaint (appealable to the Merits System Protection Board (MSPB)), by initiating contact with an Agency EEO counselor, or he may file a mixed-appeal with the MSPB.*

(ECF No. 34-2, at 3) (emphases added).

6

asserted, as there was no indication that the EEO investigated the constructive discharge claim.

Judge Williams also noted that Plaintiff never challenged the EEOC's characterization of his claims as *not* relating to constructive discharge. (ECF No. 32, at 8-9). Moreover, Judge Williams reasoned that Plaintiff failed to contact an EEO counselor within forty-five days of the alleged constructive discharge in 2007. "As a first step," the employee must seek consultation, regarding the adverse employment action, with an EEO counselor within forty-five days of the "effective date" of the alleged discrimination.  29 C.F.R. § 1614.105(a)(1); *Figueroa v. Geithner*, 711 F.Supp.2d 562, 570 (D.Md. 2010). Judge Williams found that Plaintiff did not allege – nor did the record reflect – that he contacted an EEO counselor within forty-five days of his "forced resignation" in July 2007. (ECF No. 32, at 9).  Plaintiff did not even raise constructive discharge until April 2010.

Plaintiff has not established any ground for relief under Rule 60(b).[6]  For the foregoing reasons, Plaintiff's motion will be denied.  A separate Order will follow.

                                                                               /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge

---

[6] Plaintiff's motion will be denied, thus his request that the court appoint an attorney for him because he cannot afford one is moot.